IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES WILSON,<br>　　　　　Plaintiff | )<br>) | C.A. No. 11-298 Erie |
| v. | )<br>)<br>) | District Judge McLaughlin |
| RAYMOND SOBINA, et al.,<br>　　　　　Defendants. | )<br>) | Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.　RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss [ECF No. 15] be granted and that this case be dismissed.

**II.　REPORT**

**A.　Relevant Procedural and Factual History**

On December 2, 2011, Plaintiff James Wilson, a prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Raymond Sobina, former Superintendent at SCI-Albion ("Sobina"), and Mrs. McKissock, a hearing examiner at SCI-Albion ("McKissock").

In his *pro se* complaint [ECF No. 6], Plaintiff alleges that on December 1, 2009, he and another inmate received misconducts for engaging in sexual activity with one another in Plaintiff's cell at SCI-Albion. The other inmate also received an additional charge of being present in an unauthorized area. Plaintiff alleges that he was found guilty of sexual misconduct and received a sanction of 60 days of disciplinary custody in SCI-Albion's restrictive housing unit ("RHU"); however, the other inmate was only found guilty of being present in an unauthorized area, for which he received a sanction of 45 days of disciplinary custody in the RHU. Because of this apparent disparity in treatment, Plaintiff claims that Defendants violated

his Fourteenth Amendment right to equal protection.

Defendants have filed a motion to dismiss [ECF No. 15], arguing that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff has filed a response to Defendants' motion. [ECF No. 18]. This matter is now ripe for consideration.

### B.     Standards of Review
#### 1.     Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469,

at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).  "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'  Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### **2.** ***Pro Se* Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a

3

complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

Plaintiff alleges that he was treated differently from another "similarly situated" inmate when he was found guilty of engaging in sexual activity with another inmate and sanctioned to 60 days of disciplinary custody, while the other inmate involved in the same activity was only found guilty of being present in an unauthorized area and sanctioned to 45 days of disciplinary custody. Specifically, Plaintiff claims that "since his misconduct was for an alleged violation of D.O.C. policy, and both individuals charged were alleged to have been engaged in conduct that could not otherwise be accomplished without the means of another individual, that fact that [he] was found guilty of the infraction, and [the other inmate] was not, violated the Equal Protection Clause." (ECF No. 6, Complaint, at p. 4).

The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. "This is not a command that all persons be treated alike but, rather, 'a direction that all persons similarly situated should be treated alike' " Artway v. Attorney General of State of N.J., 81 F.3d 1235, 1267 (3d Cir. 1996), quoting City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985). "When a state policy does not adversely affect a suspect class or impinge upon a fundamental right, all that is constitutionally required of the state's program is that it be rationally related to a legitimate state object." Coakley v. Murphy, 884 F.2d 1218, 1221-1222 (9th Cir. 1989), citing Massachusetts Bd. Of Retirement v. Murgia, 427 U.S. 307, 314 (1976).

4

Thus, classifications involving a suspect or quasi-suspect class, or actions that impact certain fundamental constitutional rights, are subject to heightened or "strict" scrutiny. City of Cleburne, 473 U.S. at 439. Other classifications are subject to the "rational basis" test, which requires that a classification need only be rationally related to a legitimate state interest to survive an equal protection challenge. F.C.C. v. Beach Communications, Inc., 508 U.S. 307 (1993) (state action that does not affect a suspect category or infringe on a fundamental constitutional right must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification); Chapman v. United States, 500 U.S. 453, 465 (1991).

### a. Classification

Plaintiff has not alleged that he is a member of a suspect class. Furthermore, it is well settled that prison inmates are not a suspect class. Abdul-Akbar v. McKelvie, 239 F.3d 307, 317 (3d Cir. 2001); See also Nicholas v. Tucker, 114 F.3d 17, 20 (2d Cir. 1997) (inmates are not suspect class so as to require more exacting scrutiny), cert. denied, 523 U.S. 1126 (1998); Hampton v. Hobbs, 106 F.3d 1281, 1286 (6th Cir. 1997); Zehner v. Trigg, 133 F.3d 459, 463 (7th Cir. 1997).

### b. Fundamental Right

With respect to whether a fundamental right has been affected, Plaintiff is essentially arguing that he "is still serving time well beyond his minimum term as a result of this misconduct not being reviewed and amended accordingly." (ECF No. 6, Complaint, at p. 4). However, Plaintiff does not have a fundamental right to be released prior to the maximum term of his sentence. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (determining that a prisoner does not have a constitutional right to be released prior to the

expiration of a valid sentence). Thus, Plaintiff has not alleged a fundamental right that has been affected.

### c. Others Similarly Situated

There being no suspect class or fundamental right at issue, Plaintiff must show that the treatment he received (ie, being found guilty of engaging in sexual activity with another inmate) was unlike that received by inmates similarly situated to him and was not rationally related to a legitimate government interest. Plaintiff argues that the other inmate was similarly situated to him because they were both charged with having engaged in sexual activity with one another. However, the similarity ends there.

As Defendants point out, the misconduct records reveal that while Plaintiff pleaded not guilty to the sexual misconduct charge and was ultimately found guilty of the charge after a hearing before Defendant McKissock, the other inmate pleaded guilty to the charge of being present in an unauthorized area in return for dismissal of the sexual misconduct charge and a lesser sanction. (ECF No. 15-1 at p. 19). Thus, Plaintiff and the other inmate were not similarly situated in relation to either the disposition of the charges against them or the sanctions that were imposed, as there was a rational basis for treating the two cases differently.

Simply stated, Plaintiff has failed to satisfy his burden of demonstrating that the individual he alleges "[was] treated differently [was] so similar to [him] that there is no rational basis for the distinctions which Defendants ma[d]e." Little v. Terhune, 200 F.Supp.2d 445, 451 (D.N.J. 2002), quoting Holy Name Soc'y v. Horn, 2002 WL 959408, at *13 (E.D.Pa. Aug. 21, 2001). In fact, with regard to discretionary decisions, courts in this Circuit have found it improbable that prisoners can be found to be similarly situated to one another for equal protection purposes, under any circumstances. See Rowe v. Cuyler, 534 F.Supp. 297, 301 (E.D.Pa. 1982), aff'd 696 F.2d 985 (3d Cir. 1982) ("[i]t is difficult to believe that any two

prisoners could ever be considered 'similarly situated' for the purpose of judicial review on equal protection grounds of broadly discretionary decisions because such decisions may legitimately be informed by a broad variety of an individual's characteristics"). Accord Watkins v. Horn, 1997 WL 566080 at * 4 (E.D.Pa. Sept. 5, 1997); Adams v. McAllister, 798 F.Supp. 242, 246 (M.D.Pa. 1992); Carter v. Zimmerman, 1989 WL 64581 (E.D.Pa. June 12, 1989), aff'd 897 F.2d 521 (3d Cir. 1990); Johnson v. Paparozzi, 219 F.Supp.2d 635, 644 (D.N.J. 2002); Bagwell v. Brewington-Carr, 2000 WL 1728148, at * 19 (D.Del. Apr. 27, 2000).

Because Plaintiff cannot meet his burden of demonstrating that he was similarly situated to other inmates who allegedly received more favorable treatment than he, Plaintiff's claim should be dismissed.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss [ECF No. 15] be granted and that this case be dismissed.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187, 193 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July 16, 2012

cc:     The Honorable Sean J. McLaughlin

United States District Judge